UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:22-CR-080-GMN-DJA |
|---|---|
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| CARLOS ARTURO RAMIREZ, aka "Carlos Hernandez," aka "Carlos Ramirez-Hernandez," | |
| Defendant. | |

This Court finds Carlos Arturo Ramirez, aka "Carlos Hernandez," aka "Carlos Ramirez-Hernandez," pled guilty to Count One of a One-Count Criminal Information charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Carlos Arturo Ramirez, aka "Carlos Hernandez," aka "Carlos Ramirez-Hernandez," agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and the offense to which Carlos Arturo Ramirez, aka "Carlos Hernandez," aka "Carlos Ramirez-Hernandez," pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful

activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1); and (3) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1) and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c):

    1. $18,135.00 in United States Currency (property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Carlos Arturo Ramirez, aka "Carlos Hernandez," aka "Carlos Ramirez-Hernandez," in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the

1  government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).
2  Notice is served on any individual or entity on the date when it is placed in the mail,
3  delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P.
4  32.2(b)(6)(D) and Supplemental Rule G4(b)(i) and (iv).

5      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual
6  or entity who claims an interest in the forfeited property must file a petition for a hearing to
7  adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C.
8  § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under
9  21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the
10  petitioner's right, title, or interest in the property, the time and circumstances of the
11  petitioner's acquisition of the right, title or interest in the property, any additional facts
12  supporting the petitioner's claim, and the relief sought.

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,
14  must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,
15  Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was
16  not sent, no later than sixty (60) days after the first day of the publication on the official
17  internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

18      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the
19  petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States
20  Attorney's Office at the following address at the time of filing:

21      Daniel D. Hollingsworth
    Assistant United States Attorney
22      Misty L. Dante
    Assistant United States Attorney
23      501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101.
24

25      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice
26  described herein need not be published in the event a Declaration of Forfeiture is issued by
27  the appropriate agency following publication of notice of seizure and intent to
28  administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED ____June 26____, 2023.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4